IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

Appeal Number 24-10058-D

PATRICK REED,

*Appellant*

v.

BRANDEL CHAMBLEE, *et al*.

*Appellees*.

On Appeal from the United States District Court
for the Middle District of Florida, Jacksonville Division,
3:22-cv-01059-TJC-PDB

**APPELLANT PATRICK N. REED'S MOTION TO STAY AWARD OF
ATTORNEYS FEES AND COSTS IN FAVOR OF APPELLEES**

Anthony C. Lake
State Bar of Georgia No. 431149
GILLEN & LAKE LLC
400 Galleria Parkway
Suite 1920
Atlanta, Georgia 30339
Telephone: (404) 842-9700
Fax: (404) 842-9750
Email: aclake@gwllawfirm.com

Melissa Isaak
Alabama State Bar No. 4872 A 59I
ISAAK LAW FIRM
2815-B Zelda Road
Montgomery, Alabama 36106
Telephone: (334) 770-4636
Email: melissa@protectingmen.com

Of Counsel: Larry E. Klayman

*Counsel for Appellant Patrick N. Reed*

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

PATRICK REED,

     Appellant

v.

BRANDEL CHAMBLEE, *et al*.

     Appellees.

Appeal Number 24-10058-D

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Patrick Reed, Appellant, files this Certificate of Interested Persons and Corporate Disclosure Statement, listing all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party, as follows:

Bacon, Benjamin S., Appellee

Brown, Jay W., counsel for Appellee Conde Nast International, Inc.

Chamblee, Brandel E., Appellee

Conde Nast International, Inc., Appellee

Corrigan, Timothy J., United States District Judge

Fugate, Rachel E., counsel for Appellees

Gannett Co., Inc., Appellee

Gannett Satellite Information Network, Appellee

Golfweek, Appellee

Hack, Damon, Appellee

Klayman, Larry E., counsel for Appellant

Lake, Anthony C., counsel for Appellant

LoCicero, Carol J., counsel for Appellees

Lynch, Eamon, Appellee

Minchin, Minch B., counsel for Appellees

Norbut, Linda R., counsel for Appellees

Parsons, Emily, counsel for Appellee Conde Nast International, Inc.

Shullman, Deanna K., counsel for Appellees

Tobin, Charles D., counsel for Appellee Conde Nast International, Inc.

TGC, LLC, Appellee

Respectfully submitted, this 14th day of March, 2024.

*/s/ Anthony C. Lake*_____

Anthony C. Lake

State Bar of Georgia No. 431149

Gillen & Lake LLC

400 Galleria Parkway

Suite 1920

Atlanta, Georgia 30339

Telephone: (404) 842-9700

Fax: (404) 842-9750

Email: aclake@gwllawfirm.com

Melissa Isaak
Alabama State Bar No. 4872 A 59I
Isaak Law Firm
2815-B Zelda Road
Montgomery, Alabama 36106
Telephone: (334) 770-4636
Email: melissa@protectingmen.com

Of Counsel:

Larry Klayman
Florida State Bar No.: 246220
Klayman Law Group P.A.
7050 W. Palmetto Park Road
Boca Raton, Florida 33433
Telephone: (561) 558-5536
Email: leklayman@gmail.com

*Counsel for Appellant Patrick N. Reed*

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

| | |
|---|---|
| PATRICK REED, | Appeal Number 24-10058-D |
| Appellant | |
| v. | |
| BRANDEL CHAMBLEE, *et al*. | |
| Appellees. | |

## APPELLANT PATRICK N. REED'S MOTION TO STAY AWARD OF ATTORNEYS FEES AND COSTS IN FAVOR OF APPELLEES

Patrick Reed, Appellant, respectfully files this, his Motion to Stay Award of Attorneys Fees and Costs in Favor of Appellees, pursuant to Federal Rules of Appellate Procedure 8 and 27, moving the Court for an order staying the Order of the United States District Court for the Middle District of Florida granting Appellee's attorneys' fees and costs pursuant to Florida's anti-SLAPP statute, Fla. Stat. § 768.295, Dkt.#92.

## I. GROUNDS FOR MOTION

Appellant Patrick Reed, a highly-accomplished and internationally-known professional golfer, filed suit against the Brandel Chamblee; Damon Hack; Benjamin Bacon; Eamon Lynch; TGC, LLC; Gannett Satellite Information Network, LLC; Gannett Co., Inc., on September 28, 2022, in the United States District Court for the Middle District of Florida, asserting claims for defamation and other causes of

action. Dkt.#1. Mr. Reed set forth numerous statements by the defendants in his Complaint which Mr. Reed contended were defamatory. *Id*. at 16-28. Mr. Reed filed an Amended Complaint against the defendants on December 16, 2022, pursuant to the direction of the District Court. Dkt.#28. The defendants filed motions to dismiss Mr. Reed's Amended Complaint, requesting awards of attorneys fees and costs pursuant to Florida's anti-SLAPP statute, Fla. Stat. § 768.295. Dkt.#35 at 30-32; Dkt.#38 at 22-24; Dkt.#62 at 21-24.

Approximately a year after Mr. Reed filed his initial Complaint, on September 27, 2023, the District Court issued an Order in which it granted the defendants' motions to dismiss, dismissing all of Mr. Reed's claims. Dkt.#91 at 75. The Court deferred ruling regarding whether it should award fees pursuant to the anti-SLAPP statute. *Id*. at 74. The defendants filed a Motion for Anti-SLAPP Fees on October 20, 2023, Dkt.#92, and Mr. Reed filed an opposition on November 29, 2023. Dkt.#99.

On January 5, 2024, the District Court issued an Order in which it found that the fee provision of Florida's anti-SLAPP statute was applicable. Dkt.#92 at 18. The Court proceeded to find that the defendants satisfied the requirements for attorneys fees and costs under the statute, and that the defendants were entitled to an award of attorneys fees and costs under the statute. Dkt.#100 at 18-19.

On January 18, 2024, Mr. Reed filed a Motion to Stay Consideration Of and Any Award Of Attorneys Fees to Defendants Pending Appeal (Motion to Stay), requesting a stay of defendants' Dkt.#105. Mr. Reed argued that the District Court's determination that numerous, specific statements by the defendants were allegedly non-defamatory was in error, and that the determination had a likelihood of being reversed on appeal. *Id*. at 2. Mr. Reed furthermore alleged that failure to stay the Court's award would cause irreparable harm to his reputation, and that imposition of a stay would conversely cause no prejudice to the defendants. *Id*. at 2-3. In response, the defendants filed a Joint Response in Opposition to Motion to Stay on February 1, 2024. Dkt.#110.

On February 12, 2024, Mr. Reed filed a Request for Ruling on Motion to Stay Consideration Of and Any Award Of Attorneys Fees to Defendants Pending Appeal (Request for Ruling). Dkt.#112. On February 16, 2024, the District Court issued a brief Order denying Mr. Reed's Motion to Stay and his Request for Ruling. Dkt.#113.

## II. <u>ARGUMENT</u>

Mr. Reed requests that the District Court's award of attorneys fees and costs to the defendants pursuant to Florida's anti-SLAPP statute be stayed pending this Court's determination of his appeal. A party is entitled to a stay where he or she shows "(1) that they will likely succeed on the merits; (2) irreparable injury absent

a stay; (3) that the stay will not substantially injure the other interested parties; and (4) that a stay is in the public interest." *New Georgia Project v. Raffensperger*, 976 F.3d 1278, 1280 (11th Cir. 2020) (citing *Niken v. Holder*, 556 U.S. 418, 434 (2009)). The first two factors are the "most critical." *Swain v. Junior*, 958 F.3d 1081, 1088 (11th Cir. 2020) (quoting *Niken*, at 434).

Mr. Reed reasonably believes that there is a substantial likelihood that all or part of the District Court's September 27, 2023, Order dismissing all of Mr. Reed's claims in his Amended Complaint will be reversed on appeal. Dkt.#91. While the District Court's Order was lengthy and did consider certain statements by the defendants alleged by Mr. Reed to be defamatory, the District Court did not specifically consider many other statements alleged by Mr. Reed in his Amended Complaint. Dkt.#28. The District Court found that certain of the defendants' statements constituted alleged constitutionally protected statements of pure opinion. Dkt.#91 at 39 (quoting *Turner v. Wells*, 879 F.3d 1254, 12622 (11th Cir. 2018)). However, it failed to properly evaluate the statements alleged by Mr. Reed in his Amended Complaint pursuant to the proper standards. *See Keller v. Mia. Herald Publ'g Co.*, 778 F.2d 711, 717 (11th Cir. 1985) (quoting *Hay v. Independent Newspapers, Inc.*, 450 So.2d 293, 295 (Fla. 2d Dist. Ct. App. 1984)). Mr. Reed furthermore believes that many of the statements alleged in his Amended Complaint

could not be dismissed as pure opinion, but instead plainly constituted statements of mixed opinion and fact.

Similarly, the District Court dismissed other statements alleged by Mr. Reed as alleged "hyperbolic opinion." Dkt.#91 at 43-45, 49. However, again, the Court failed to conduct the required detailed consideration of the circumstances of the statements. *See Horsley v. Rivera*, 292 F.3d 695, 701 (11th Cir. 2002) (citing *Keller*, 778 F.2d at 717). Furthermore, the District Court found that Mr. Reed had allegedly failed to sufficiently plead "actual malice" in support of his defamation claims. Dkt.#91 at 69. This finding by the District Court was plainly erroneous in view of the fact that Florida courts have held that "general" allegations of malice are sufficient to survive a motion to dismiss. *See Kist v. Hubbard*, 93 So. 3d 1100, 1102 (Fla. 5th Dist. Ct. App. 2012) (citing *Gangelhoff v. Lokey Motors Company*, 270 So.2d 58 (Fla. 2d Dist. Ct. App. 1972)).

Pursuant to the remaining requirements for imposition of a stay, Mr. Reed will be irreparably injured if required to pay the defendants' attorneys fees and costs prior to the determination of his appeal. Staying the District Court's award of fees and costs under the anti-SLAPP statute until determination of Mr. Reed's appeal is in the public interest and will not work any injury to Appellees. Imposition of a stay would furthermore promote judicial economy and efficiency in deferring an award of fees which might potentially be vacated in the event that the District Court's Order

dismissing Mr. Reed's claims is wholly or partly reversed. In addition, questions exist as to which portions of Florida's anti-SLAPP statute may be applied in federal court. *See Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018) (finding that the dismissal provision of Georgia's anti-SLAPP statute could not be applied in federal court).

Pursuant to Federal Rule of Appellate Procedure 8(a)(2)(B)(iii), in support of his motion, Mr. Reed attaches (1) the January 5, 2024, Order of the District Court finding that the defendants were entitled to an award of attorneys fees and costs pursuant to the anti-SLAPP statute, Dkt.#100; (2) Mr. Reed's Motion to Stay Consideration Of and Any Award of Attorneys Fees to Defendants Pending Appeal, Dkt.#105; (3) Appellees' Joint Response in Opposition to Motion to Stay, Dkt.#110; (4) Mr. Reed's Request for Ruling on Motion to Stay Consideration Of and Any Award of Attorneys Fees to Defendants Pending Appeal, Dkt.#112; and (5) the District Court's February 16, 2024, Order, Dkt.#113. *See* Exhibits 1, 2, 3, 4, 5. Mr. Reed has given reasonable notice of his motion to all parties pursuant to Federal Rule of Appellate Procedure 8(a)(C) by filing his Request for Ruling with the District Court on February 12, 2024, in which Mr. Reed stated that he would submit a motion to stay to this Court. *See* Fed. R. App. P. 8(a)(C); Dkt.#112.

## CONCLUSION

Based upon the grounds and authorities set forth herein, Appellant Patrick N. Reed respectfully requests that the Court grant Appellant's Motion to Stay Award of Attorneys Fees and Costs in Favor of Appellees and issue an order staying the Order of the United States District Court for the Middle District of Florida granting Appellee's attorneys' fees and costs pursuant to Florida's anti-SLAPP statute, Dkt.#92.

Respectfully submitted, this 14th day of March, 2024.

*/s/ Anthony C. Lake*_____

Anthony C. Lake
State Bar of Georgia No. 431149
Gillen & Lake LLC
400 Galleria Parkway
Suite 1920
Atlanta, Georgia 30339
Telephone: (404) 842-9700
Fax: (404) 842-9750
Email: aclake@gwllawfirm.com

Melissa Isaak
Alabama State Bar No. 4872 A 59I
Isaak Law Firm
2815-B Zelda Road
Montgomery, Alabama 36106
Telephone: (334) 770-4636
Email: melissa@protectingmen.com

Of Counsel:

Larry Klayman
Florida State Bar No.: 246220
Klayman Law Group P.A.
7050 W. Palmetto Park Road
Boca Raton, Florida 33433
Telephone: (561) 558-5536
Email: leklayman@gmail.com

*Counsel for Appellant Patrick N. Reed*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Fed. R. App. P. 32(g), this document complies with the type-volume limitations of Fed. R. App. P. 27(d) for the reason that the document contains 1,374 words and has been prepared in a proportionally-spaced typeface using Times New Roman, 14 point, font.

<u>*/s/ Anthony C. Lake*_____</u>
Anthony C. Lake
State Bar of Georgia No. 431149
Gillen & Lake LLC
400 Galleria Parkway
Suite 1920
Atlanta, Georgia 30339
Telephone: (404) 842-9700
Fax: (404) 842-9750
Email: aclake@gwllawfirm.com

Melissa Isaak
Alabama State Bar No. 4872 A 59I
Isaak Law Firm
2815-B Zelda Road
Montgomery, Alabama 36106
Telephone: (334) 770-4636
Email: melissa@protectingmen.com

Of Counsel:

Larry Klayman
Florida State Bar No.: 246220
Klayman Law Group P.A.
7050 W. Palmetto Park Road
Boca Raton, Florida 33433
Telephone: (561) 558-5536
Email: leklayman@gmail.com

*Counsel for Appellant Patrick N. Reed*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies, pursuant to Fed. R. App. P. 25(d), that the foregoing filing was this 14th day of March, 2024, served by the undersigned by depositing the filing with a commercial carrier, for delivery within 3 days to the Clerk of Court and the following persons at the following addresses:

Rachel E. Fugate
Minch B. Minchin
Deanna K. Shullman
Shullman Fugate PLLC
100 S Ashley Drive
Suite 600
Tampa, Florida 33602

Carol J. LoCicero
Linda R. Norbut
Thomas & LoCicero, PL
601 South Boulevard
Tampa, Florida 33606-2629

Charles D. Tobin
Jay W. Brown
Emmy Parsons
Ballard Spahr LLP
1909 K Street, NW
Suite 12th Floor
Washington, DC 20006

*/s/ Anthony C. Lake*_____

Anthony C. Lake
State Bar of Georgia No. 431149
Gillen & Lake LLC
400 Galleria Parkway
Suite 1920
Atlanta, Georgia 30339
Telephone: (404) 842-9700
Fax: (404) 842-9750
Email: aclake@gwllawfirm.com

Melissa Isaak
Alabama State Bar No. 4872 A 59I
Isaak Law Firm
2815-B Zelda Road
Montgomery, Alabama 36106
Telephone: (334) 770-4636
Email: melissa@protectingmen.com

Larry Klayman
Florida State Bar No.: 246220
Klayman Law Group P.A.
7050 W. Palmetto Park Road
Boca Raton, Florida 33433
Telephone: (561) 558-5536
Email: leklayman@gmail.com

*Counsel for Appellant Patrick N. Reed*

EXHIBIT 1

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

PATRICK NATHANIEL REED,

      Plaintiff,

v.

BRANDEL EUGENE CHAMBLEE,
TGC, LLC, DAMON HACK,
BENJAMIN SHANE BACON,
EAMON LYNCH, GANNETT CO.,
INC., GANNETT SATELLITE
INFORMATION NETWORK, LLC,
CONDE NAST INTERNATIONAL,
INC., and ZACH HELFAND,

      Defendants.

Case No. 3:22-cv-1059-TJC-PDB

---

PATRICK NATHANIEL REED,

      Plaintiff,

v.

SHANE RYAN, HACHETTE BOOK
GROUP, INC., DOUG FERGUSON,
THE ASSOCIATED PRESS, FOX
SPORTS, INC., NYP HOLDINGS,
INC., GAVIN NEWSHAM,
BLOOMBERG L.P., and ERIK
LARSON,

      Defendants.

Case No. 3:22-cv-1181-TJC-PDB

---

# O R D E R

These cases are before the Court on several motions. First, in both cases, Plaintiff seeks recusal of the undersigned. (Docs. 93 in 3:22-cv-1059; 88 in 3:22-cv-1181). Second, in both cases, Plaintiff seeks reconsideration of the Court's Order dismissing the Amended Complaints with prejudice ("the dispositive Order"). (Docs. 94 in 3:22-cv-1059; 89 in 3:22-cv-1181). Third, in Reed I,[1] Defendants seek attorneys' fees and costs under Florida's anti-SLAPP Statute. (Doc. 92 in 3:22-cv-1059). Each motion is ripe. (Docs. 95, 96, 99 in 3:22-cv-1059; 90, 91 in 3:22-cv-1181). The Court denies the first two motions and grants the third motion.

## I.   REED'S MOTIONS FOR RECUSAL

In Reed I and II, Plaintiff filed identical motions seeking recusal of the undersigned. (Docs. 93 in 3:22-cv-1059; 88 in 3:22-cv-1181). Reed's counsel attaches an affidavit to both motions, which the Court reviewed. He requests recusal on several bases. First, he disagrees with the dispositive Order. He raises several arguments challenging portions of the Court's Order that he also brings in his motions for reconsideration. Relatedly, he contends that at least one of the fifty-five defamatory statements he alleged should have gone through to discovery, so the dismissal of all statements indicates the undersigned's bias.

---

[1] "Reed I" refers to <u>Reed v. Chamblee, et al.</u> (3:22-cv-1059) and "Reed II" refers to <u>Reed v. Ryan, et al.</u> (3:22-cv-1181).

(<u>See e.g.</u>, Docs. 93 at 6 in 3:22-cv-1059 ("It is simply an impossibility that all fifty-five (55) defamatory statements would be dismissed with prejudice, particularly before any discovery had taken place."); 88 at 6 in 3:22-cv-1181 (same)). Second, Reed contends the Court should have denied Defendants' request for fees under Florida's anti-SLAPP statute in Reed I without further consideration, and the Court's failure to do so indicates bias. Third, Reed argues the undersigned "us[ed] a harsh, mocking, and condescending tone" in the dispositive Order when admonishing Reed's counsel about repeated attacks on opposing counsel for providing courtesy copies to the Court. <u>Id.</u> at 4. In essence, Reed challenges the dispositive Order and argues the reasoning and result suggests extrajudicial bias. <u>Id.</u>

Judges must recuse themselves when they are personally biased or prejudiced against a party or in favor of an adverse party. 28 U.S.C. § 144. "To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists." <u>Williams v. Geo Grp., Inc.</u>, No. 22-11266, 2023 WL 1957496 at *1 (11th Cir. Feb. 13, 2023) (citing <u>United States v. Serrano</u>, 607 F.2d 1145, 1150 (5th Cir. 1979)). Section 455 also requires recusal "when there is an appearance of impropriety" and "when any of the specific circumstances set forth in [§ 455(b)] exist, which show the fact of partiality." <u>United States v. Patti</u>, 337 F.3d 1317, 1321 (11th Cir. 2003) (citing 28 U.S.C. § 455(b)). This inquiry applies an objective standard asking whether

a "fully informed lay observer would entertain significant doubt about the judge's impartiality." Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000) (citing United States v. Kelly, 888 F.2d 732, 744-45 (11th Cir. 1989)).

Bias generally must arise from extrajudicial sources for judicial disqualification. See In re Walker, 532 F.3d 1304, 1310–11 (11th Cir. 2008) (citing Thomas v. Tenneco Packaging Co., 293 F.3d 1306, 1329 (11th Cir. 2002)). Remarks or opinions made in judicial proceedings and not from extrajudicial sources generally fall short of establishing bias "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994). But "[m]ere 'friction between the court and counsel' . . . is not enough to demonstrate 'pervasive bias.'" In re Walker, 532 F.3d at 1311 (internal citations omitted).

Reed identifies one extrajudicial source in his counsel's affidavit; however, he never mentions it in his motions. Mr. Klayman testifies the undersigned "had been and perhaps still is a member of an exclusive club in Ponte Vedra, Florida, where high level officials of the PGA Tour are also members, likely even the commissioner of the PGA Tour, Jay Monahan and his staff." (Docs. 93 at 34 ¶ 1 in 3:22-cv-1059; 88 at 34 ¶ 1 in 3:22-cv-1181). Such purported reason, stated only in the affidavit, is legally insufficient to establish bias. It relies on speculation that membership in a club would mean the undersigned affiliated with other potential members of the Club who may be

4

part of the PGA Tour (a non-party to this suit). As said by the Eleventh Circuit, "it is well established in our case law that recusal based 'on unsupported, irrational, or highly tenuous speculation' is not warranted." Conroy on behalf of Aflac, Inc. v. Amos, 785 F. App'x 751, 755 (11th Cir. 2019) (citing United States v. Greenough, 782 F.2d 1556, 1559 (11th Cir. 1986)). And the case law is clear that a judge's past or present membership with a group alone does not create a basis for recusal.[2] See e.g., In re Moody, 755 F.3d 891, 899 (11th Cir. 2014) (denying petition for writ of habeas corpus because "the mere fact that Judge Coogler [the district judge] teaches at a university that has chosen to memorialize Judge Vance [a judge the petitioner was convicted of murdering] does not mandate recusal."); Conroy, 785 F. App'x at 755 (finding the plaintiff presented "no concrete reason" why the judge's participation in a group "would make a reasonable observer question his impartiality"); Wu v. Thomas, 996 F.2d 271, 275 (11th Cir. 1993) (finding judge needed not recuse himself because his status as an adjunct professor and past contributions to the defendant, a university, were insufficient for recusal); Parrish v. Bd. of Comm'r of Ala. State Bar, 524 F.2d 98, 101, 104 (5th Cir. 1975) (holding judge's "acquaint[ance] with" some of the defendants in the suit and their counsel did "not exceed what might

---

[2] Though unnecessary for this analysis, which is based on an objective standard that assumes the truth of the assertion, the allegation is incorrect: the undersigned is not and has not been a member of the Ponte Vedra Club during anytime pertinent to this suit.

be expected as background or associational activities with respect to the usual district judge").[3]

Otherwise, Reed's arguments for recusal concern the Court's dispositive Order and judicial proceedings in Reed I and II. As stated in <u>Liteky</u>, "judicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion." 510 U.S. at 541. Having reviewed Reed's arguments and the affidavit, no reasonable observer would question this Court's impartiality in the dispositive Order or based on the judicial proceedings. The Court's 78-page ruling on the pending motions—which the Court issued after a nearly three-hour hearing and supplemental briefing—substantively addressed the arguments raised in each motion and Reed's responses. The Court considered the cases cited within the parties' briefs and addressed the controlling or most persuasive precedent in the dispositive Order. Reed largely relitigates arguments made that the Court considered before and critiques the Court's resolution of those arguments. Nevertheless, neither the Affidavit nor Reed's arguments establish that the dispositive Order displayed a "deep-seated favoritism or antagonism as would make fair judgment impossible." <u>Id.</u>[4]

---

[3] In <u>Bonner v. City of Prichard</u>, the Eleventh Circuit adopted as binding precedent all decisions the Fifth Circuit rendered before October 1, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[4] To the extent Reed's counsel also suggests that the undersigned displayed favoritism to one of the defendants' attorneys, Minch Minchin, because he served as an intern for the undersigned over five years ago, this

Moreover, the Court's footnote in the dispositive Order regarding Reed's counsel's repeated attacks on opposing counsel does not indicate bias. (See Docs. 91 at 75 n.27 in 3:22-cv-1059; 86 at 75 n.27 in 3:22-cv-1181). The footnote addressed voluminous filings Reed made a few days before the July 31, 2023, hearing; the Court rejected Reed's contention that the Court indicated it would consider materials outside the Amended Complaints because it had done so for opposing counsel. In the underlying briefing, Reed argued that the Court "set a precedent" for "review[ing] materials outside of the four corners of the Amended Complaints," when the Court said it would consider courtesy copies of pleadings and exhibits submitted on a zip drive by opposing counsel. (Docs. 83 at 2 in 3:22-cv-1059; 76 at 2 in 3:22-cv-1181). As stated in the footnote, which bears repeating, "The Court never indicated it would consider materials outside of the four corners of the Amended Complaints; rather, the Court said it would receive

---

argument carries no force. See Brown v. Brock, 169 F. App'x 579, 581, 583 (11th Cir. 2006) (holding that district judge did not abuse his discretion in declining to recuse himself on the ground that a former law clerk represented the defendant; the court noted that "an ethical danger exists only if the law clerk knows the judge's thoughts about a specific matter and the law clerk subsequently represents one of the parties to the matter before the judge"); see also Scopelliti v. City of Tampa, No: 8:14–cv–949–MSS–TGW, 2015 WL 13427797, at *2 (M.D. Fla. Nov. 20, 2015) (denying motion for recusal on ground that counsel served as an intern for the judge previously, stating "[s]tanding alone, the fact that Defendant was represented by a lawyer who served as an intern to the court while he was attending law school is not evidence of partiality."). Reed alleges no facts demonstrating an "ethical danger" regarding Mr. Minchin's representation in this case. See Brown, 169 F. App'x at 583.

courtesy copies of electronically filed pleadings and exhibits, as is routinely done." Id. The Court's statement was appropriate because Mr. Reed's counsel repeatedly argued or insinuated that opposing counsel engaged in improper ex parte communications when opposing counsel had only submitted courtesy copies of materials already filed. (See Docs. 41, 83 in 3:22-cv-1059). Nevertheless, "judicial remarks . . . that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." Liteky, 510 U.S. at 555.

Reed's challenge is thus insufficient and the motions for recusal in Reed I and II are due to be denied.

## II.    REED'S MOTIONS FOR RECONSIDERATION

In Reed I and II, Reed filed motions seeking reconsideration of the dispositive Order under Federal Rules of Civil Procedure 59 and 60. (Docs. 94 in 3:22-cv-1059; 89 in 3:22-cv-1181). Rule 59 permits motions "to alter or amend judgment" within twenty-eight days after the entry of judgment. FED. R. CIV. P. 59(e). Rule 60 allows relief from judgment for listed specific reasons (none of which Reed claims here) or "any other reason that justifies relief." FED. R. CIV. P. 60(b). "[R]econsideration of a previous order [is] an extraordinary remedy." Ludwig v. Liberty Mut. Fire Ins.. Co., 8:03-cv-2378-EAK-MAP, 2005 WL 1053691, at *3 (M.D. Fla. March 30, 2005). "As a result, '[a] Court will not alter a prior decision absent a showing of clear and obvious error where the 'interests

of justice' demand correction.'" <u>Gaffney v. Rives</u>, No: 8:22-cv-1613-CEH-SPF, 2023 WL 7928093, at *2 (M.D. Fla. Nov. 16, 2023) (quoting <u>Prudential Sec., Inc. v. Emerson</u>, 919 F. Supp. 415, 417 (M.D. Fla. 1996)). "[A] motion to reconsider must demonstrate why the court should reconsider its decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." <u>Id.</u> (quoting <u>McGuire v. Ryland Grp., Inc.</u>, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007)).

"Courts recognize three grounds to support a motion under Rule 59(e): (1) an intervening change in controlling law; (2) newly discovered evidence, and (3) manifest errors of law or fact." <u>Scoma Chiropractic, P.A. v. Dental Equities, LLC</u>, No. 2:16-cv-41-JLB-MRM, 2022 WL 738559, at *2 (M.D. Fla. Feb. 9, 2022) (citing <u>Banister v. Davis</u>, 140 S. Ct. 1698, 1703 n.2 (2020)). Reed only asserts the third ground. "A manifest error 'amounts to a wholesale disregard, misapplication, or failure to recognize controlling precedent.'" <u>Id.</u> (quoting <u>Shuler v. Garrison</u>, 718 F. App'x 825, 828 (11th Cir. 2017). But the Court should not reconsider a ruling based on arguments "which could, and should, have been made earlier." <u>Prudential</u>, 919 F. Supp. at 417 (cleaned up). "Moreover, this Court will not reconsider a previous ruling when a 'party's motion fails to raise new issues and, instead, only relitigates what has already been found lacking.'" <u>McGuire</u>, 497 F. Supp. 2d at 1358 (quoting <u>Lamar Adver. of Mobile, Inc. v. City of Lakeland</u>, 189 F.R.D. 480, 489 (M.D. Fla. 1999) (citation omitted)).

Reed seeks solely to relitigate past arguments, old matters, and case law previously considered by the Court. He argues the Court ignored case law he cited and misstated the law. This is incorrect. The Court carefully reviewed and heard the briefs and arguments presented before issuing the dispositive Order. The Court also has considered the case law cited in Reed's reconsideration motions, none of which changes the Court's reasoning. Notably, Reed seemingly disregards the law cited by the Court in the dispositive Order. For example, Reed quotes the Order stating "[w]hether the defendant's statements constitute defamation . . . is a question of law for the court to determine," and argues this represents the Court "admit[ing] that [it] was taking this matter totally out of the hands of the trier of fact." (Docs. 94 at 3 in 3:22-cv-1059; 89 at 3 in 3:22-cv-1181). However, Reed never identifies that this statement is a quote from an Eleventh Circuit case, <u>Turner v. Wells</u>, 879 F.3d 1254, 1269 (11th Cir. 2018). (<u>See</u> Docs. 91 at 25 in 3:22-cv-1059; 86 at 25 in 3:22-cv-1181). Reed neglects to address <u>Turner</u>, the related case law cited in the Order, or how this law is incorrect. Contrary to Reed's assertions, the Court did not disregard, misapply, or fail to recognize controlling precedent. <u>See generally</u> <u>Scoma</u>, 2022 WL 738559, at *2.

Further, Reed's claim that the Court did not give individual analysis to each of the fifty-five alleged defamatory statements falls short. The Court identified the basis for dismissal of each statement in the Order and analyzed

each basis with the relevant law. Reed may disagree with the Order or wish for more. But Reed's position does not establish manifest error. Id. Finally, Reed's argument that the Court should have summarily denied Defendants' request for attorneys' fees carries no weight because the Court held the issue in abeyance pending further briefing, so there is no prior decision to reconsider.[5] Accordingly, Reed has failed to identify any cognizable basis for reconsideration.

## III.   DEFENDANTS' MOTION FOR ANTI-SLAPP FEES

In Reed I, Defendants move for attorneys' fees and costs under Florida's anti-SLAPP statute. § 768.295, Fla. Stat. (2023). Previously, the Court considered this issue and ordered additional briefing on Defendants' entitlement to those fees and costs. (Doc. 91 at 73–77).[6] The briefing is now complete. (Docs. 92; 99).

---

[5] In his reconsideration motions, Reed again claims the Court reviewed documents from Defendants outside the scope of the Amended Complaints but refused to do so for him. This is wrong. As stated before, opposing counsel submitted courtesy copies of pleadings and exhibits that had been filed with the Court. (See Docs. 91 at 75 n.27 in 3:22-cv-1059; 86 at 75 n.27 in 3:22-cv-1181). The Court considered those courtesy copies. The Court also considered the materials submitted with Reed's filings and presented at the hearing, except for the untimely filings made prior to the hearing. Id. Reed identifies no materials submitted by the parties that the Court cited to or analyzed in the dispositive Order that were improper.

[6] All document citations in this section refer to Reed I unless otherwise stated.

11

Florida's anti-SLAPP statute provides a right to recover attorney fees from a plaintiff who "file[s] . . . any lawsuit . . . against another person or entity without merit and primarily because such person or entity has exercised the constitutional right of free speech in connection with a public issue . . . as protected by the First Amendment to the United States Constitution and s. 5, Art. I of the State Constitution." § 768.295(3) and (4), Fla. Stat. (2023). "'Free speech in connection with public issues' means any written or oral statement that is protected under applicable law and . . . is made in or in connection with a play, movie, television program, radio broadcast, audiovisual work, book, magazine article, musical work, news report, or other similar work." § 768.295(2)(a).

The Eleventh Circuit has not ruled on whether Florida's anti-SLAPP statute applies in federal court cases invoking diversity jurisdiction. See e.g., Condo. Assoc. of Parker Plaza Ests., Inc. v. Moreff, No. 22-61638-CIV, 2023 WL 3600495, at *1 (S.D. Fla. March 2, 2023) ("The Eleventh Circuit has not yet addressed whether Florida's anti-SLAPP statute can be applied to actions in federal court.") (citing Parekh v. CBS Corp., 820 F. App'x 827, 836 (11th Cir. 2020).[7] Absent such precedent, other district courts within the Eleventh Circuit

_____

[7] Reed cites an oral argument of the appeal proceedings in the Corsi case wherein the Honorable William Pryor questioned whether Florida's anti-SLAPP statute applied in federal court. (See e.g., Doc. 46 at 18–19 in 3:22-cv-1059). However, the Eleventh Circuit never ruled on the appeal because the

have considered this issue. In <u>Government Employees Insurance Co. v. Glassco Inc.</u>, my colleague, Judge Kathryn Kimball Mizelle, analyzed in great depth whether Florida's anti-SLAPP statute applies in federal court. No. 8:19-cv-1950-KKM-JSS, 2021 WL 4391717, at *3–5 (M.D. Fla. Sept. 24, 2021). Applying the <u>Erie</u> doctrine—which requires "[a] federal court sitting in diversity [to] apply state substantive law and federal procedural law"—Judge Mizelle held that Florida's anti-SLAPP statute creates a substantive right and thus must be applied in federal court. <u>Id.</u> at *3–5 (citing <u>Hanna v. Plumer</u>, 380 U.S. 460, 465 (1965) (citing <u>Erie R.R. Co. v. Tompkins</u>, 304 U.S. 64 (1938)). In so doing, Judge Mizelle stated that a plain reading of the statute suggested that it "is strictly a procedural mechanism for litigants to have anti-SLAPP motions decided more expeditiously," instead of a substantive right. <u>Id.</u> at *5. But she reasoned that a Florida appellate court found a substantive right.

> In <u>Gundel v. AV Homes, Inc.</u>, Florida's Second District Court of Appeal concluded that Florida's anti-SLAPP statute "creates a right not to be subject to meritless suits filed 'primarily because [the defendant] has exercised the constitutional right of free speech in connection with a public issue, or right to peacefully assemble, to instruct representatives of government, or to petition for redress of grievances before the various governmental entities of the states.'" 264 So. 3d 304, 310–11 (Fla. 2d DCA 2019) (alteration in original) (quotation omitted) (referring to the right created by the anti-SLAPP statute as a "substantive right"). Although it recognized that the statute puts forth "procedural mechanisms," that court also read into the statute a burden-

_____

parties settled the case. <u>See</u> <u>Corsi v. Newsmax Media Inc.</u>, No. 21-10480 and 22-10758, 2022 WL 3353776, at *1 (11th Cir. July 1, 2022).

shifting test. Id. at 312–14. Under this test, the SLAPP defendant bears the initial burden of establishing a prima facie case that the anti-SLAPP statute applies. Id. at 314. Then the party that filed the lawsuit must show that its claims are not without merit and not primarily based on retaliating against the exercise of First Amendment rights in connection with a public issue. Id. The court found that this unwritten burden-shifting approach "serves the purpose of the statute." Id. But see Ingraham v. Wright, 430 U.S. 651, 670 n.39 (1977) ("There is no support whatever for this [purposive analysis] in the decisions of this Court.").

The Court is left with a state statute, the text of which is procedural and creates no substantive right but which has been interpreted by a state appellate court as creating a substantive right that includes a burden-shifting approach to deciding a motion. Whatever misgivings the Court might have, its obligation is clear: "**State law is what the state appellate courts say it is, and we are bound to apply a decision of a state appellate court about state law even if we think that decision is wrong**." Winn-Dixie Stores, Inc. v. Dolgencorp, LLC, 881 F.3d 835, 848 (11th Cir. 2018) (Ed Carnes, C.J.). So here we are: **the Court must read Florida's anti-SLAPP statute as creating a substantive right and apply its burden-shifting procedure per Gundel if no conflicts exist with the Federal Rules of Civil Procedure**. See [Makaeff v. Trump University, LLC, 715 F.3d 254, 273 (9th Cir. 2013)] (Kozinski, J., concurring). **None do.**

Id. at *5 (emphasis added) (internal footnote omitted).[8] As described by Judge Mizelle, the Gundel court held that Florida's anti-SLAPP statute created a "substantive right," and noted that it "bears some similarity to statutes providing for immunity from suit where the statutory protection cannot be

_____

[8] While agreeing with the result reached by Judge Mizelle that the anti-SLAPP statute applies in federal court, the undersigned takes no position on Judge Mizelle's "plain reading" stance.

14

adequately restored once it is lost through litigation and trial." <u>Gundel</u>, 264 So. 3d at 311 (citations omitted).[9]

Other federal courts within the Eleventh Circuit have awarded fees and costs under Florida's anti-SLAPP statute. <u>See</u> <u>e.g.</u>, <u>Corsi v. Newsmax Media, Inc.</u>, 519 F. Supp. 3d 1110, 1128 (S.D. Fla. 2021) (awarding media defendants attorney's fees and costs under Florida's anti-SLAPP statute); <u>Mac Isaac v. Twitter, Inc.</u>, 557 F. Supp. 3d 1251, 1261 (S.D. Fla. 2021) (after dismissing the amended complaint with prejudice for failing to state a claim, the court awarded fees and costs under Florida's anti-SLAPP statute because the defamation claim was meritless); <u>Bongino v. Daily Beast Co.</u>, 477 F. Supp. 3d 1310, 1322–24 (S.D. Fla. 2020) (same and noting Florida's statute does not conflict with Federal Rules of Civil Procedure: "This conclusion is in line with decades of Eleventh Circuit precedent, which find that state-law statutes and claims for attorneys' fees and costs 'unequivocally' apply in a federal court exercising diversity jurisdiction." (citations omitted)); <u>Vibe Ener v. Duckenfield</u>, No. 20-cv-22886,

---

[9] Several Florida District Courts of Appeal have certified conflict with <u>Gundel</u> regarding whether the substantive right created by Florida's anti-SLAPP statute provides certiorari jurisdiction to the Florida appellate courts. <u>See</u> <u>Vericker v. Powell</u>, 343 So. 3d 1278, 1281 (Fla. 3d DCA 2022); <u>WPB Residents for Integrity in Gov., Inc. v. Materio</u>, 284 So. 3d 555, 561 (Fla. 4th DCA 2019); <u>Johnston v. Fischer</u>, 369 So. 3d 354, 356 (Fla. 5th DCA 2023). Though this conflict concerns the anti-SLAPP statute, it does not impact the issue here—whether the fee provision in Florida's anti-SLAPP statute is procedural or substantive.

2020 WL 6373419, *5 (S.D. Fla. Sept. 28, 2020) (applying the fee provision of Florida's anti-SLAPP statute); <u>Anderson v. Best Buy Stores L.P.</u>, No. 5:20-cv-41-JSM-PRL, 2020 WL 5122781, at *4 (M.D. Fla. July 28, 2020) (same), <u>adopted in full by sub nom. Anderson v. Coupons in the News</u>, No. 5:20-cv-41-JSM-PRL, 2020 WL 5106676 (M.D. Fla. Aug. 31, 2020).

But Reed rejects this line of cases. Instead, he asks the Court to follow Judge Paul G. Byron's lead in <u>Sterling v. Doe</u>, No: 6:21-cv-723-PGB-EJK, 2022 WL 2112091, at *4–5 (M.D. Fla. Feb. 2, 2022). <u>Sterling</u> involved a defamation suit. <u>Id.</u> There, the Magistrate Judge denied the defendant's motion to quash third-party subpoenas issued by the plaintiff for the purpose of naming and serving the defendant. <u>Id.</u> at *2. The defendant argued Florida and California's anti-SLAPP statutes provided him standing to challenge the subpoenas. <u>Id.</u> at *4. Magistrate Judge Kidd rejected that argument and found both anti-SLAPP statutes inapplicable because the plaintiff alleged a prima facie defamation case. <u>See id.</u> In denying the objection to this order, Judge Byron reasoned Judge Kidd need not have followed the line of federal court cases applying the fee provision in Florida's anti-SLAPP statute because "the fee-shifting provision of anti-SLAPP laws is obviously different than the pretrial dismissal anti-SLAPP provisions which conflict with and 'answer the same question' as the Federal Rules." <u>Id.</u> at *5 (quoting <u>Bongino</u>, 477 F. Supp. 3d at 1323 (internal quotation

16

marks and citation omitted)). <u>Sterling</u> does not conflict with other federal courts that have held and applied Florida's anti-SLAPP fee provision under <u>Erie</u>.

Although Reed cites cases based on anti-SLAPP statutes from other states, those decisions are unpersuasive. The specific requirements and language in each state's anti-SLAPP statute must be analyzed individually under <u>Erie</u>, which leads to different results depending on the statute. <u>See Carbone v. CNN, Inc.</u>, 910 F.3d 1345, 1347-57 (11th Cir. 2018) (finding Georgia's anti-SLAPP statute's "motion-to-strike" provision inapplicable in federal court because it conflicted with Federal Rules of Civil Procedure 8, 12, and 56); <u>Klocke v. Watson</u>, 936 F.3d 240, 245–49 (5th Cir. 2019) (holding Texas's anti-SLAPP statute imposed additional requirements beyond those in Federal Rules of Civil Procedure 12 and 56, and thus the statute did not apply in federal court); <u>La Liberte v. Reid</u>, 966 F.3d 79, 87–88 (2d Cir. 2020) (holding California's motion to strike procedure in anti-SLAPP statute conflicted with Federal Rules of Civil Procedure and was therefore inapplicable in federal court); <u>Abbas v. Foreign Pol'y Grp., LLC</u>, 783 F.3d 1328, 1333–36 (D.C. Cir. 2015) (holding that special motion to dismiss provision in D.C.'s anti-SLAPP statute conflicted with Federal Rule of Civil Procedure 12 and was thus inapplicable in federal court); <u>but see</u> <u>Godin v. Schencks</u>, 629 F.3d 79, 85–86 (1st Cir. 2010) (holding Maine's anti-SLAPP statute applied in federal court, because "neither Fed.R.Civ.P. 12(b)(6) nor Fed.R.Civ.P. 56 . . . was meant to control the particular issues

under" the statute); <u>Adelson v. Harris</u>, 774 F.3d 803, 809 (2d Cir. 2014) (holding Nevada's anti-SLAPP law applied in federal court in part because fee-shifting statutes are substantive under <u>Erie</u>).

None of these cases, nor any others cited by the parties or located by the Court, controls whether the <u>fee provision</u> in <u>Florida's</u> anti-SLAPP statute applies in federal court cases. And thus far, the tide of courts within this Circuit have applied the Florida fee provision. <u>See</u>, <u>e.g.</u>, <u>Corsi</u>, 519 F. Supp. 3d at 1128; <u>Mac Isaac</u>, 557 F. Supp. 3d at 1261; <u>Bongino</u>, 477 F. Supp. 3d at 1322–24; <u>Vibe Ener</u>, 2020 WL 6373419, at *5; <u>Anderson</u>, 2020 WL 5122781, at *4. The Court follows those cases and finds the fee provision in Florida's anti-SLAPP statute applies.

The statute states "[t]he court shall award the prevailing party reasonable attorney fees and costs incurred in connection with a claim that an action was filed in violation of this section." § 768.295(4), Fla. Stat. (2023). Defendants satisfy both requirements for attorneys' fees and costs under the statute. <u>See</u> <u>Vibe Ener</u>, 2020 WL 6373419, at *4–5 (describing the Court must find the claims to be "without merit" under § 768.295(3) and primarily because the defendant exercised "free speech in connection with a public issue"). First, given that Reed brought no viable defamation claims in his original and Amended Complaint, his claims are "without merit." § 768.295(3), Fla. Stat. (2023). Second, the lawsuits were brought "primarily" because Defendants

18

"exercised the constitutional right of free speech" in their publications about Reed as a public figure. See Parekh, 820 F. App'x at 836 (affirming award of fees under Florida anti-SLAPP statute where lower court determined that the suit lacked merit and arose out of protected First Amendment activity). Accordingly, Defendants are entitled to an award of attorney's fees and costs under Florida's anti-SLAPP Statute, § 768.295(4), Fla. Stat. (2023).

Accordingly, it is hereby

**ORDERED:**

1.     In Reed I (3:22-cv-1059), Defendants' Motion for Anti-SLAPP Fees (Doc. 92) is **GRANTED**.

2.     No later than **January 24, 2024**, Defendants shall file a motion (jointly or separately) regarding the fee amounts and costs under Local Rule 7.01(c). Reed shall respond no later than **February 23, 2024**.

3.     In Reed I (3:22-cv-1059), Plaintiff's Motion for Recusal (Doc. 93) is **DENIED**.

4.     In Reed I (3:22-cv-1059), Plaintiff's Motion for Reconsideration, to Alter or Amend Judgment, and for Relief from Judgment or Order Pursuant to Federal Rules of Civil Procedure 59 and 60 (Doc. 94) is **DENIED**.

5.     In Reed II (3:22-cv-1181), Plaintiff's Motion for Recusal (Doc. 88) is **DENIED**.

6.      In Reed II (3:22-cv-1181), Plaintiff's Motion for Reconsideration, to Alter or Amend Judgment, and for Relief from Judgment or Order Pursuant to Federal Rules of Civil Procedure 59 and 60 (Doc. 89) is **DENIED**.

7.      The Court will direct entry of Final Judgment in Reed I (3:22-cv-1059) after ruling on the forthcoming fee motion(s).

8.      The Court will delay entry of Final Judgment in Reed II (3:22-cv-1181) until it enters judgment in Reed I.

**DONE AND ORDERED** in Jacksonville, Florida the 5th day of January, 2024.

*Timothy J. Corrigan*
TIMOTHY J. CORRIGAN
United States District Judge

ksm
Copies:

Counsel of Record

EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

PATRICK NATHANIEL REED,

             Plaintiff

v.

BRANDEL EUGENE CHAMBLEE, et al

           Defendants.

**Case Number: 3-22-CV-01059-TJC-PDB**
**ORAL ARGUMENT REQUESTED**

**<u>PLAINTFF PATRICK NATHANIEL REED'S MOTION TO STAY
CONSIDERATION OF AND ANY AWARD OF ATTORNEYS FEES TO
DEFENDANTS PENDING APPEAL</u>**

Dated: January 18, 2024

Respectfully submitted,

By: *<u>/s/ Larry Klayman</u>*
Larry Klayman, Esq.
Florida Bar No.: 246220
Klayman Law Group P.A.
7050 W. Palmetto Park Rd
Boca Raton, FL, 33433
Tel: 561-558-5536
leklayman@gmail.com

*Counsel for Patrick Nathaniel Reed*

Plaintiff Patrick Reed ("Mr. Reed") hereby moves for an order staying the issue of Defendants Brandel Chamblee, Damon Hack, Benjamin Bacon, Eamon Lynch, and TGC, LLC, Gannett Satellite Information Network, LLC, Gannett Co., Inc., and Conde Nast International, Inc.'s (collectively "Defendants") Motion for Anti-SLAPP Fees ("SLAPP Motion") pending his appeal to the U.S. Court of Appeals for the Eleventh Circuit ("Eleventh Circuit"). *See Reed v. Chamblee et al*, 24-10058-D (11th Cir.).

A stay is required in the interest of judicial efficiency, as the Court's order granting the Defendants' SLAPP Motion is currently being appealed. Clearly, a successful appeal by Mr. Reed – which is the likely outcome given the fact that Florida's Anti-SLAPP statute does not apply in a federal court sitting in diversity – would obviate the need for further proceedings on Defendants' SLAPP Motion, which will require a huge amount of time and resources to be expended by not only the parties, but the Court. There is therefore no prejudice to any party in simply allowing the appellate process to play out before proceeding further on Defendants' SLAPP Motion. The potential benefit in doing so would be enormous, as the parties and Court would be spared from expending huge time and resources on a moot issue.

"When reviewing a motion to stay pending appeal, we consider the "traditional" stay factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the stay applicant

will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure  the other persons interested in the proceeding; and (4) where the public interest lies." *Florida v. United States*, Nos. 23-11528, 23-11644, 2023 U.S. App. LEXIS 13863, at *4-5 (11th Cir. June 5, 2023) (internal quotations omitted).

*First*, it is clear that Mr. Reed is highly likely to succeed on the merits of this appeal. The numerous grounds upon which Mr. Reed is highly likely to succeed on appeal is set forth in full in his Response in Opposition to Defendants' SLAPP Motion. These include, but are not limited to (1) that it was an egregious error for the Court to glossed over the fifty-five (55) alleged defamatory statements at issue in this case with the generalized finding that they were "non-defamatory," and this will likely be reversed on appeal, thereby making the Defendants not the "prevailing party," (2) the Chief Judge of the U.S. Court of Appeals for the Eleventh Circuit, the Honorable William H. Pryor Jr. ("Judge Pryor"), at oral argument in *Corsi v. Newsmax Media Inc et al*, 21-10480 (11th Cir.) ("*Corsi*"), Exhibit 1, expressed "serious doubt" as to whether Florida's Anti-SLAPP statute applied in federal court due its requiring a "heightened pleading standard," and  that Fed. R. Civ. P. 11 answered the "same question," rendering it inapplicable in federal court, (3)   the question of whether a federal court sitting in diversity should apply a state anti-SLAPP statute ultimately turns on the black-letter and landmark case law set forth in *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938), which mandates that in this situation, the Court must apply state substantive law and

federal procedural law, *id.* at 92, and here there can be no doubt that the questions raised by Florida's Anti-SLAPP statute – pretrial dismissal of cases and an award of fees for meritless actions – are both procedural matters that are specifically addressed in the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a) for motions to dismiss and Fed. R. Civ. P. 11 for sanctions, (4) Florida's Anti-SLAPP statute imposes a heightened pleading standard on the Plaintiff, and therefore would not apply in federal court as conflicting with the Federal Rules of Civil Procedure as expressly recognized by Florida's Second District Court of Appeals in *Gundel v. AV Homes, Inc.*, 264 So. 3d 304 (Fla. Dist. Ct. App. 2019) and conceded on the website for counsel for Defendants, Shullman Fugate, (5) the ruling of the Honorable Paul G. Byron ("Judge Byron") in *Sterling v. Doe*, 2022 U.S. Dist. LEXIS 105673 (M.D. Fla. Feb. 2, 2022), and (6) that a myriad federal circuit (and lower courts) have already found that many Anti-SLAPP statutes conflict with the Federal Rules of Civil Procedure, including the Eleventh, Fifth, D.C., and Second Circuits.

*Second*, Mr. Reed will be irreparably harmed absent a stay. His reputation has already been severely harmed by the Defendants' pattern and practice of making malicious, defamatory statements of and concerning him, and this harm has been exponentially amplified by the Court's erroneous order broadly dismissing all fifty-five alleged defamatory statements as "non-defamatory" without taking the time to address them individually. Now forcing attorneys'

fees onto Mr. Reed, where there exists no basis to do so, will irreparably further harm his reputation as a professional golfer, and also irreparably harm his ability to excel on the golf course given the attention that would needlessly need to be diverted with hecklers and others.

*Third*, the stay would not injure the Defendants at all, as they are all multi-million, if not billion, dollar entities and the amount of fees sought is no more than a "drop in the bucket" for them. There is no prejudice in simply allowing for the appellate process to play out, and if anything, it would be to their benefit as they would save on paying more attorneys' fees on an issue that will likely ultimately prove to be moot.

*Fourth*, the public interest also weighs strongly in favor of a stay. This is because preventing the needless and wasteful expenditure of time and resources for litigants and the Court is clearly in the public interest. This is particularly true with the Court, which likely has a large number of cases that it must manage, and going through a lengthy, ultimately moot and pointless SLAPP fee proceeding would harm its ability to administer to those other cases.

Accordingly, the issue of Defendants' SLAPP Motion must be stayed, as it is the only reasonable and prudent course of action. Again, there is simply no harm in allowing the appellate process, which would entirely moot out this issue, to occur first. On the other hand, the potential time and cost savings by issuing this stay are enormous and would benefit all parties as well as the Court.

Counsel for Defendants decline to consent to this Motion.

Dated: January 18, 2024                     Respectfully submitted,

                                            By: */s/ Larry Klayman*_____
                                            Larry Klayman, Esq.
                                            Florida Bar No.: 246220
                                            Klayman Law Group P.A.
                                            7050 W. Palmetto Park Rd
                                            Boca Raton, FL, 33433
                                            Tel: 561-558-5536
                                            leklayman@gmail.com

                                            *Counsel for Patrick Nathaniel Reed*

## CERTIFICATE OF SERVICE

I, Larry Klayman, hereby certify that on this day, January 18, 2024, I electronically filed the foregoing with the Clerk of Court using the Court's ECF procedures. I also certify that the foregoing document is being served this day on all counsel of record through the Court's eservice procedures.

                                            */s/ Larry Klayman*_____

EXHIBIT 3

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

PATRICK NATHANIEL REED,              Case No. 3-22-CV-01059-TJC-PDB

    Plaintiff,

vs.

BRANDEL CHAMBLEE, *et al.*,

    Defendants.

_____

## DEFENDANTS' JOINT RESPONSE
## IN OPPOSITION TO MOTION TO STAY

Defendants Brandel Chamblee, Damon Hack, Benjamin Bacon, Eamon Lynch, and TGC, LLC d/b/a Golf Channel (the "Golf Channel Defendants"), Gannet Satellite Information Network, LLC d/b/a Golfweek and Gannett Co., Inc. (the "Gannett Defendants"), and Conde Nast International, Inc. d/b/a *The New Yorker* ("*The New Yorker*"), (collectively, "Defendants") hereby respond in opposition to Plaintiff Patrick Nathaniel Reed's Motion to Stay Consideration of and Any Award of Attorneys Fees to Defendants Pending Appeal (the "Motion"). (D.E. 105). Reed's Motion is yet another attempt to relitigate issues already exhaustively analyzed by the Court, drag out this meritless lawsuit, and increase the fees incurred by Defendants. For the reasons set forth below, the Motion should be denied.

## BACKGROUND

By now, the Court is familiar with the facts of this case.  To summarize, Reed initially filed this defamation suit in the Southern District of Texas in August of 2022. He then voluntarily dismissed the Texas complaint and re-filed in this Court, adding additional defendants. The Court *sua sponte* dismissed Reed's complaint in November of 2022. (D.E. 27). Reed then filed his final operative pleading in December of 2022, asserting defamation and tortious interference with business relationships claims. *Id.*

Pursuant to Section 768.295, Florida Statutes (the "anti-SLAPP statute"), the Reed I Defendants collectively filed three motions to dismiss claiming anti-SLAPP fees on behalf of the Golf Channel Defendants (D.E. 35), the Gannett Defendants (D.E. 38), and *The New Yorker* (D.E. 62), respectively.

On September 27, 2023, following a hearing and exhaustive briefing, this Court issued an omnibus order granting, *inter alia*, Defendants' pending motions to dismiss (the "First Order"). (D.E. 91). However, the Court expressly stated that "[t]his Order [wa]s not final" and requested additional briefing regarding the issue of fee entitlement, to be completed by November 17, 2023. *Id.* at 77. The Court "withh[e]ld entry of final judgment until after resolution of any fee claims." *Id.*

The Parties engaged in additional briefing and on January 5, 2024, the Court entered an order granting, *inter alia*, Defendants' entitlement to fees

(the "Second Order"). (D.E. 100). The Court requested additional briefing on the amount of fees and again stated its intent to "direct entry of Final Judgment in *Reed I* (3:22-cv-1059) after ruling on the forthcoming fee motion(s)." *Id.* at 19-20.  Thus, there has been no entry of Final Judgment in this matter.

On January 8, 2024, Reed filed a Notice of Appeal to the Eleventh Circuit (the "Notice"). (D.E. 103). The Notice purports to appeal both the First and Second Orders and "all other opinions and orders adverse to Mr. Reed . . . ."

Reed then filed the pending Motion on January 18, 2024, seeking "an order staying the issue of Defendants['] . . . Motion for Anti-SLAPP Fees." (Motion at 2).

## ARGUMENT

In considering a motion to stay pending appeal, district courts consider four factors: "(1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits, (2) whether the applicant will be irreparably injured absent a stay, (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding, and (4) where the public interest lies." *Robinson v. Attorney General*, 957 F.3d 1171, 1176 (11th Cir. 2020). "The first two factors of [this] standard are the most critical," and "[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of [judicial discretion]" to issue a stay. *See Nken v. Holder*,

3

556 U.S. 418, 433-34 (2009). In the present case, the first two factors alone are sufficient to deny the motion, although all four factors weigh against granting a stay.

### I. Reed has not shown that he is likely to succeed on the merits.

Reed has failed to show that he is likely to succeed on the merits because (1) his appeal is premature and (2) even if the Eleventh Circuit had jurisdiction, Reed has failed to identify any viable argument for overturning this Court's decision.

Circuit courts "only have jurisdiction over appeals from 'final decisions of the district courts.'" *SmileDirectClub, LLC v. Battle*, 4 F.4th 1274, 1277 (11th Cir. 2021) (quoting *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 102 (2009)).  "A final decision is typically one by which a district court disassociates itself from a case." *Mohawk Indus.*, 558 U.S. at 106 (quotations omitted). Here, the Court has expressly reserved jurisdiction and ordered additional briefing. Further, although there are some very narrow exceptions to this general rule, Reed has not asserted any of them. Nor has he even addressed the nonfinal nature of the order(s) he purports to appeal, either in his Motion to Stay or in his Notice of Appeal. On the contrary, his Notice of Appeal merely states that he is appealing the September 27, 2023 and January 5, 2024 orders, both of which expressly state that they are non-final orders, as well as "all other opinions and orders adverse to Mr. Reed in both of the captioned cases above."

(D.E. 103). An appellant cannot succeed on the merits where there is no jurisdiction to even hear his appeal.

Further, even if a final judgment existed, Reed has not identified any legitimate basis showing his appeal would be likely to succeed on the merits. In his Motion to Stay, Reed lists six "grounds" upon which he claims he is likely to succeed on appeal. None of these purported grounds has merit.

First, Reed asserts that it was "error for the Court to glossed [sic] over the fifty-five (55) alleged defamatory statements at issue in this case with the generalized finding that they were 'non-defamatory.'" (Motion at 2). The Court has already addressed this argument, explaining that "Reed's claim that the Court did not give individual analysis to each of the fifty-five alleged defamatory statements falls short. The Court identified the basis for dismissal for each statement in the Order and analyzed each basis with the relevant law." (Second Order at 10-11).

The remaining grounds all deal with whether the anti-SLAPP fee provision applies in federal court and have been previously addressed at length. Reed has not raised any new facts, arguments, or case law to suggest that the Court's previous reasoning should be reconsidered.

Reed first asserts that the Chief Judge of the Eleventh Circuit, Judge Pryor, expressed "serious doubt" as to whether Florida's anti-SLAPP statute applied in federal court during oral argument in *Corsi v. Newsmax Media Inc.*,

No. 21-20480 (11th Cir. May 19, 2022). However, the court also recognized at those same arguments that it generally applies "state laws that provide for an award of attorney's fees that arise under state law . . . or fail under state law," and questioned why Florida's anti-SLAPP statute should not be treated as a garden-variety "fee-shifting statute." Transcript of Oral Argument at 11, 37, *Corsi*, No 21-10480.

Ultimately, as this Court has previously recognized, the parties in that matter settled, and the Eleventh Circuit never ruled on the appeal. (Second Order at 12 fn. 7). A judge's comments at oral argument, which are intended to help them evaluate the parties' arguments and gain a better understanding of the issues and not to provide a final opinion, are not precedential. *C.f. United States v. Percoco*, 16-CR-776, 2019 WL 493962, at *8 (S.D.N.Y. Feb. 8, 2019) ("Reading the tea leaves of oral argument is an act of pure speculation."). Thus, the Eleventh Circuit did not address the issue in *Corsi*, and the district court opinions in *Corsi* and other matters holding that Florida's anti-SLAPP statute applies in federal court stand.

Next, Reed asserts that Florida's anti-SLAPP argument is procedural under *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938). The Court has already carefully considered this argument and the relevant case law and came to the opposite conclusion. (Second Order at 13) ("Judge Mizelle held that Florida's

anti-SLAPP statute creates a substantive right and thus must be applied in federal court.").

Alternatively, Reed asserts that Florida's anti-SLAPP statute conflicts with the Federal Rules of Civil Procedure because it imposes a heightened pleading standard. Again, the opinions addressing this issue and considered by the Court have clearly ruled to the contrary. *See, e.g.*, *Bongino v. Daily Beast Co., LLC*, 477 F. Supp. 3d 1310, 1323 (S.D. Fla. 2020) ("[I]t does not require the plaintiff to establish a *probability* that he will prevail . . . . Nor does Florida's statute contemplate a substantive, evidentiary determination of the plaintiff's probability of prevailing."); *Corsi*, 519 F. Supp. 3d at 1128 ("Florida's anti-SLAPP statute . . . does not require a plaintiff to establish a probability that he or she will prevail . . . Thus, Florida's statute does not conflict with any Federal Rule of Civil Procedure."); *Government Employees Insurance Co. v. Glassco Inc.*, No. 8:19-cv-01950-KKM-JSS, 2021 WL 4391717, at *6 (M.D. Fla. Sept. 24, 2021) ("Florida's anti-SLAPP statute differs significantly from other States' anti-SLAPP statutes, which change the verification requirement for all pleadings and adjusts the burden of persuasion for prevailing on a SLAPP motion. No such change or adjustment to a Federal Rule of Civil Procedure occurs under Florida's anti-SLAPP statute.").

As his fifth ground, Reed merely cites, without explanation, the order in *Sterling v. Doe*, No. 6:21-cv-723-PGB-EJK, 2022 WL 2112091 (M.D. Fla. Feb.

2, 2022). Once again, this Court has already carefully considered the *Sterling* order and explained why it does not conflict with the numerous decisions holding Florida's anti-SLAPP fee provision applies in federal court. (Second Order at 16-17). Specifically, *Sterling* concerned a motion to quash rather than a dispositive anti-SLAPP motion, and, in any event, the court expressly held that "the fee-shifting provision of anti-SLAPP laws is obviously different than the pretrial dismissal anti-SLAPP provisions which conflict with and answer the same question as the Federal Rules." *Sterling*, 2022 WL 2112091 at *5 (quotation marks omitted).

Finally, Reed reiterates his argument that other federal courts have found that other anti-SLAPP statutes conflict with the Federal Rules of Civil Procedure. The Court conducted a careful review of these decisions and found that they "are unpersuasive" here because "[t]he specific requirements and language in each state's anti-SLAPP statute must be analyzed individually under *Erie*, which leads to different results depending on the statute." (Second Order at 17) (citations omitted). The courts which have examined the issue of whether Florida's anti-SLAPP fee-shifting provision applies in federal court have, in holding that it does, carefully distinguished Florida's statute from these other anti-SLAPP statutes. *See, e.g.*, *Bongino*, 477 F. Supp. 3d at 1323 ("Those statutes conflict with the Federal Rules of Civil Procedure because they raise the bar for a plaintiff to overcome a pretrial dismissal motion . . . .

8

Not so for Florida's anti-SLAPP statute."). Further, this analysis is in agreement with the decisions of other circuits which have held that other states' anti-SLAPP fee shifting statutes similar to Florida's are substantive under Erie and therefore apply in federal court. *See Adelson v. Harris*, 774 F.3d 803, 809 (2d Cir. 2014) (holding Nevada's anti-SLAPP law applied in federal court in part because fee-shifting statutes are substantive). It is also in agreement with "decades of Eleventh Circuit precedent, which find that state-law statutes and claims for attorneys' fees and costs 'unequivocally' apply in a federal court exercising diversity jurisdiction." *Bongino*, 477 F. Supp. 3d at 1322-24.

Because his appeal is premature, and because he has not advanced any viable reasoning for overturning this Court's thorough and well-reasoned Orders, Reed has not established that he is likely to succeed on the merits on appeal.

## II. Reed has not shown that he will be irreparably injured absent a stay.

The second factor considers whether the party seeking the stay, in this case Reed, "*will* be irreparably injured absent a stay." *Robinson*, 957 F.3d at 1176 (emphasis added). It is not enough simply to assert the *possibility* of irreparable injury. *Id.* at 1177 (quoting *Nken*, 556 U.S. at 434-35).

The only allegedly "irreparable injury" which Reed puts forth is that his reputation will be damaged by litigating the amount of attorneys' fees and he will be distracted on the golf course by "hecklers." (Motion at 3-4). He does not explain why litigating the amount of attorneys' fees he owes will subject him to any additional "hecklers" or reputational harm beyond that which he experienced by litigating—and appealing—this meritless lawsuit that he elected to file. Litigating dollar amounts is rarely considered irreparable injury. *See*, *e.g.*, *In re Melbourne Beach, LLC*, No. 6:19-cv-1491-Orl-41, 2019 WL 13189459, at *5 (M.D. Fla. Nov. 5, 2019) ("Mere injuries, however substantial, in terms of money, time, and energy necessarily expended in the absence of a stay, are not enough [to establish irreparable damage].") (internal quotations omitted). Therefore, Reed has not established that a stay is necessary to prevent him from being irreparably injured.  *See In re Freedom Unlimited*, 489 F. Supp. 3d 1328, 1339 (S.D. Fla. 2020) (noting that a stay is not a matter of right, even if irreparable injury might otherwise result).

**III. Defendants would be substantially injured by a stay.**

Florida's anti-SLAPP statute confers a substantive right to be free from meritless, speech-chilling lawsuits like this one and to recover attorneys' fees and costs incurred in defending such lawsuits. *See* § 768.295, Fla. Stat. (2023). This facially unviable litigation has already dragged on for approximately eighteen months, at great cost to Defendants, largely due to Reed's vexatious

10

litigation strategy. Further unnecessary delay of resolving the fee award, as well as increasing the amount of fees Defendants are required to spend responding to frivolous motions and dealing with litigation inefficiencies, would violate this right and inflict more substantial injury on Defendants. *See In re Freedom Unlimited*, 489 F. Supp. 3d 1328, 1339 (S.D. Fla. 2020) (denying a motion to stay and noting that the delay itself was inherently prejudicial because "justice delayed is justice denied") (citation omitted).

**IV. The public interest weighs against granting a stay.**

The public interest is best served by evenhanded adherence to established principles of judicial procedure. *See id.* ("In analyzing this factor, courts focus on whether the stay would promote the uniformity of the laws."). The purpose of the Federal Rules of Appellate Procedure limiting appeals, other than certain narrow exceptions, to final judgments is to prevent "the piecemeal appeal of nonfinal substantive judgments rendered by the district court." *Osterneck v. E.T. Barwick Industries, Inc.*, 825 F.2d 1521, 1526 (11th Cir. 1987) (denying jurisdiction to hear appeal). The public interest, therefore, clearly lies with preserving judicial efficiency by limiting litigants to a single appeal.

Reed cites no supporting authority for his assertion that a stay of the full resolution of the fee and expense issues by the district court pending his improper appeal is somehow an exception to this rule. Instead, he merely

makes broad, conclusory assertions that the public interest weighs in favor of a stay because it would prevent wasteful expenditure of time and resources. (Motion at 4). In fact, the opposite is true: resolving all issues at the district court before Reed can proceed with a singular, streamlined appeal is the most efficient means of preserving time and resources. Therefore, the public interest in judicial efficiency weighs against granting a stay.  In addition, as discussed above, an efficient resolution of the anti-SLAPP issues protects free speech and serves important public interests by doing so. *See* § 768.295(1), Fla. Stat. ("[T]he Legislature finds and declares that prohibiting such lawsuits as herein described will preserve this fundamental state policy [and] preserve the constitutional rights of persons in Florida.").

## CONCLUSION

For the foregoing reasons, the *Reed I* Defendants respectfully request this Court deny Reed's Motion to Stay Consideration of and Any Award of Attorneys Fees to Defendants Pending Appeal.

Dated: February 1, 2024

> Respectfully Submitted,
>
> SHULLMAN FUGATE PLLC
>
> ***/s/ Minch Minchin***
> Rachel E. Fugate (FBN 144029)
> rfugate@shullmanfugate.com
> Deanna K. Shullman (FBN 514462)
> dshullman@shullmanfugate.com
> Minch Minchin (FBN 1015950)

mminchin@shullmanfugate.com
50 N. Laura Street, Suite 2500
Jacksonville, FL 32202
Tel: (813) 935-5098

*Attorneys for Golf Channel Defendants*

THOMAS & LoCICERO PL

*/s/ Carol Jean LoCicero*
Carol Jean LoCicero (FBN 603030)
Linda R. Norbut (FBN 1011401)
601 South Boulevard
Tampa, FL  33606
Telephone: (813) 984-3060
Facsimile:  (813) 984-3070
clocicero@tlolawfirm.com
lnorbut@tlolawfirm.com
Secondary email: tgilley@tlolawfirm.com

*Attorneys for the Gannett Defendants*

and

BALLARD SPAHR

*/s/ Charles D. Tobin*
Charles D. Tobin (FBN 816345)
tobinc@ballardspahr.com
Jay Ward Brown (*pro hac vice*)
brownjay@ballardspahr.com
Emmy Parsons (*pro hac vice*)
parsonse@ballardspahr.com
1909 K Street NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200

*Attorneys for The New Yorker*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the **1st day of February, 2024**, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system. I also certify that the foregoing document is being served this date on all counsel of record via transmission of Notices of Electronic Filing generated by the CM/ECF system.

*/s/ Carol LoCicero*
Attorney

14

EXHIBIT 4

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

PATRICK NATHANIEL REED,

               Plaintiff

v.

BRANDEL EUGENE CHAMBLEE, et al

            Defendants.

**Case Number: 3-22-CV-01059-TJC-PDB**

### PLAINTFF PATRICK NATHANIEL REED'S REQUEST FOR RULING ON MOTION TO STAY CONSIDERATION OF AND ANY AWARD OF ATTORNEYS FEES TO DEFENDANTS PENDING APPEAL

Dated: February 12, 2024

Respectfully submitted,

By: */s/ Larry Klayman*_____
Larry Klayman, Esq.
Florida Bar No.: 246220
Klayman Law Group P.A.
7050 W. Palmetto Park Rd
Boca Raton, FL, 33433
Tel: 561-558-5536
leklayman@gmail.com

*Counsel for Patrick Nathaniel Reed*

Plaintiff Patrick Reed ("Mr. Reed") for the compelling reasons set forth in his Motion to Stay Consideration of Any Award of Attorneys Fees to Defendants Pending Appeal, ECF No. 105, respectfully requests that the briefing and consideration of Defendants Brandel Chamblee, Damon Hack, Benjamin Bacon, Eamon Lynch, and TGC, LLC, Gannett Satellite Information Network, LLC, Gannett Co., Inc., and Conde Nast International, Inc.'s (collectively "Defendants") Motion for Anti-SLAPP Fees ("SLAPP Motion") be stayed at this time pending appeal, as the pleadings are closed before this Court and this matter is ripe for disposition now.

If this Court is not inclined to stay Defendants' SLAPP Motion at this time, Plaintiff Reed requests an expeditious ruling in the next day in order that a motion to stay can be filed and considered by the U.S. Court of Appeals for the Eleventh Circuit before Mr. Reed's response to Defendants' SLAPP Motion is due to be filed by Mr. Reed on the currently set date of February 23, 2024. This will save valuable time and resources for all parties and the Court.

Dated: February 12, 2024                    Respectfully submitted,

                                            By: */s/ Larry Klayman*_____
                                            Larry Klayman, Esq.
                                            Florida Bar No.: 246220
                                            Klayman Law Group P.A.
                                            7050 W. Palmetto Park Rd
                                            Boca Raton, FL, 33433
                                            Tel: 561-558-5536
                                            leklayman@gmail.com

*Counsel for Patrick Nathaniel Reed*

### **CERTIFICATE OF SERVICE**

I, Larry Klayman, hereby certify that on this day, February 12, 2024, I electronically filed the foregoing with the Clerk of Court using the Court's ECF procedures. I also certify that the foregoing document is being served this day on all counsel of record through the Court's eservice procedures.

*/s/ Larry Klayman_____*

EXHIBIT 5

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

PATRICK NATHANIEL REED,

      Plaintiff,

                              Case No. 3:22-cv-1059-TJC-PDB

v.

BRANDEL EUGENE CHAMBLEE,
TGC, LLC, DAMON HACK,
BENJAMIN SHANE BACON,
EAMON LYNCH, GANNETT CO.,
INC., GANNETT SATELLITE
INFORMATION NETWORK, LLC,
CONDE NAST INTERNATIONAL,
INC., and ZACH HELFAND,

      Defendants.

_____

# <u>O R D E R</u>

      This case is before the Court on the Plaintiff's Motion to Stay Consideration of And Any Award of Attorneys Fees to Defendants Pending Appeal (Doc. 105) and the Plaintiff's Request for Ruling on Motion to Stay Consideration of And Any Award of Attorneys Fees to Defendants Pending Appeal (Doc. 112). Defendants have responded. (Doc. 110).

      Accordingly, it is hereby

      **ORDERED:**

1. Plaintiff's Motion to Stay Consideration of And Any Award of Attorneys Fees to Defendants Pending Appeal (Doc. 105) is **DENIED**.

2.  To give Plaintiff an opportunity to seek a stay from the Eleventh Circuit, the Court *sua sponte* **GRANTS** Plaintiff an extension to file a response to the Defendants' Supplemental Motion for Attorneys Fees (Doc. 106) no later than **March 15, 2024.**

**DONE AND ORDERED** in Jacksonville, Florida, the 16th day of February, 2024.



TIMOTHY J. CORRIGAN
United States District Judge

jcd
Copies:

Counsel of record