**No. 24-10058-D**

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

PATRICK REED,

Plaintiff-Appellant,

v.

BRANDEL CHAMBLEE, *et al.*

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Florida
No. 3:22-cv-01059-TJC-PDB

---

### ANSWER BRIEF OF APPELLEES GANNETT SATELLITE INFORMATION NETWORK, LLC d/b/a GOLFWEEK, GANNETT CO., INC. AND CONDE NAST INTERNATIONAL, INC. d/b/a THE NEW YORKER

---

Carol Jean LoCicero (FBN 603030)
Linda R. Norbut (FBN 1011401)
THOMAS & LoCICERO PL
601 South Boulevard
Tampa, FL 33606
Telephone: (813) 984-3060
Facsimile: (813) 984-3070

*Attorneys for the Gannett Defendants*

Charles D. Tobin (FBN 816345)
Jay Ward Brown (*pro hac vice*)
Emmy Parsons (*pro hac vice*)
BALLARD SPAHR
1909 K Street NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200

*Attorneys for The New Yorker*

## <u>CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT</u>

Appellees Gannett Satellite Information Network, LLC d/b/a Golfweek ("*Golfweek*") and Gannett Co., Inc. ("Gannett") (together, the "Gannett Defendants"), and Conde Nast International, Inc. d/b/a *The New Yorker* ("*The New Yorker*")[1] (collectively, the "Co-Defendants") file this Certificate of Interested Persons and Corporate Disclosure Statement, listing all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party, as follows:

Advance Magazine Publishers Inc. (the actual publisher of *The New Yorker*)

Bacon, Benjamin Shane (Defendant-Appellee)

Ballard Spahr LLP (Counsel for Defendant-Appellee Conde Nast International, Inc.)

Barksdale, Hon. Patricia D. (Trial Court Magistrate Judge, M.D. Fla.)

---

[1] Appellant served "Conde Nast International, Inc. d/b/a The New Yorker" ("CNII").  *See* ECF 37-1 at 123.  CNII, however, has not existed as a legal entity since 2021.

Brown, Jay Ward (Counsel for Defendant-Appellee Conde Nast International, Inc.)

Chamblee, Brandel Eugene (Defendant-Appellee)

Comcast Corp. (Interested Party) (stock ticker symbol CMCSA)

Condé Nast (Interested Party)

Conde Nast International, Inc. (Defendant-Appellee, inactive and merged out of existence)

Corrigan, Hon. Timothy J. (Trial Court Judge, M.D. Fla.)

Fugate, Rachel E. (Counsel for Defendants-Appellees Bacon, Chamblee, Hack, Lynch & TGC, LLC)

Gannett Co., Inc. (Defendant-Appellee)

Gannett Satellite Information Network, LLC (Defendant-Appellee)

Gillen & Lake LLC (Counsel for Plaintiff-Appellant)

Hack, Damon (Defendant-Appellee)

Helfand, Zach (Defendant – not served in the case below)

Klayman, Larry E. (Counsel for Plaintiff-Appellant)

Klayman Law Group, PA (Counsel for Plaintiff-Appellant)

Lake, Anthony C. (Counsel for Plaintiff-Appellant)

LoCicero, Carol Jean (Counsel for Defendants-Appellees Gannett Co., Inc. & Gannett Satellite Information Network, LLC)

Lynch, Eamon (Defendant-Appellee)

Minchin, Minch (Counsel for Defendants-Appellees Bacon, Chamblee, Hack, Lynch & TGC, LLC)

NBCUniversal Media, LLC (Interested Party)

Norbut, Linda Riedemann (Counsel for Defendants-Appellees Gannett Co., Inc. & Gannett Satellite Information Network, LLC)

Parsons, Emmy (Counsel for Defendant-Appellee Conde Nast International, Inc.)

Reed, Patrick Nathaniel (Plaintiff-Appellant)

Shullman, Deanna K. (Counsel for Defendants-Appellees Bacon, Chamblee, Hack, Lynch & TGC, LLC)

Shullman Fugate, PLLC  (Counsel for Defendants-Appellees Bacon, Chamblee, Hack, Lynch & TGC, LLC)

TGC, LLC d/b/a The Golf Channel (Defendant-Appellee)

Thomas & LoCicero PL (Counsel for Defendants-Appellees Gannett Co., Inc. & Gannett Satellite Information Network, LLC)

Tobin, Charles D. (Counsel for Defendant-Appellee Conde Nast International, Inc.)

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Fed. R. App. P. 28(i), the Co-Defendants adopt by reference the statement regarding oral argument of Defendants Brandel Chamblee, Damon Hack, Benjamin Bacon, Eamon Lynch, and TGC, LLC d/b/a Golf Channel (the "Golf Channel Defendants"). *See* Br. of Golf Channel Defs. at i (ECF 47).

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
    DISCLOSURE STATEMENT ................................................................... C-1

STATEMENT REGARDING ORAL ARGUMENT ............................................. i

TABLE OF CONTENTS............................................................................... ii

TABLE OF AUTHORITIES ................................................................. iv

STATEMENT OF JURISDICTION....................................................... 1

STATEMENT OF THE ISSUES............................................................ 2

STATEMENT OF THE CASE................................................................ 3

    A.    Statement of Reed's Claims and Proceedings against the Gannett
        Defendants...................................................................... 3

    B.    Statement of Reed's Claims and Proceedings against *The New
        Yorker* ......................................................................... 7

STANDARD OF REVIEW .................................................................... 9

SUMMARY OF THE ARGUMENT ..................................................... 9

ARGUMENT ....................................................................................... 10

    I.    Judgment in Favor of the Co-Defendants Should be Affirmed
        for the Same Substantive Reasons as Those Articulated by
        The Golf Channel Defendants....................................... 10

    II.    In the Alternative, Judgment in Favor of the Co-Defendants
        Should be Affirmed Because Reed Makes No Specific
        Arguments for Adjudication on Appeal......................... 10

CONCLUSION .................................................................................... 12

CERTIFICATE OF COMPLIANCE........................................................................ 14

CERTIFICATE OF SERVICE ............................................................................... 14

# TABLE OF AUTHORITIES

Cases                                                                      Page(s)

*Greenbriar, Ltd. v. Alabaster,*
  881 F.2d 1570 (11th Cir. 1989)............................................................ 11

*Horace v. MD Now Medical Centers, Inc.,*
  2024 U.S. App. LEXIS 6013 (11th Cir. Mar. 13, 2024)..................................... 11

*McLaughlin v. FIU Board of Trustees,*
  2022 U.S. App. LEXIS 1098 (11th Cir. Apr. 22, 2022)..................................... 11

*McSmith v. Unite Here Local 23,*
  2022 U.S. App. LEXIS 14596 (11th Cir. May 27, 2022).................................... 11

*MS Life Insurance Co. v. Barfield,*
  203 F. App'x 306 (11th Cir. 2006) ...................................................... 11

*Shell v. AT&T Corp.,*
  2021 U.S. App. LEXIS 26544 (11th Cir. Sept. 2, 2021) ................................... 11

*Smith v. Crisp Regional Hospital,*
  985 F.3d 1306 (11th Cir. 2021)........................................................ 11-12

*U.S. v. Curtis,*
  380 F.3d 1308 (11th Cir. 2004)......................................................... 12

Rules

Fed. R. App. P. 28................................................................. i, 1, 2, 3, 9, 10

Fed. R. App. P. 32.................................................................... 14

# **STATEMENT OF JURISDICTION**

Pursuant to Fed. R. App. P. 28(i), the Co-Defendants adopt by reference the statement of jurisdiction of the Golf Channel Defendants. Br. of Golf Channel Defs. at 1.

## <u>STATEMENT OF THE ISSUES</u>

Pursuant to Fed. R. App. P. 28(i), the Co-Defendants adopt by reference the statement of the issues articulated by the Golf Channel Defendants. Br. of Golf Channel Defs. at 2. Further, Co-Defendants present the following, additional, issue:

1. Should the district court's order dismissing Appellant's claims against Co-Defendants be affirmed on the basis that Appellant waived all argument regarding the Co-Defendants?

## **STATEMENT OF THE CASE**[2]

Pursuant to Fed. R. App. P. 28(i), the Co-Defendants adopt by reference the statement of the case articulated by the Golf Channel Defendants. Br. of Golf Channel Defs. at 3-11. In addition, Co-Defendants provide the following additional information relevant to the Court's consideration of Appellant Patrick Nathaniel Reed's claims against the Co-Defendants.

### A. Statement of Reed's Claims and Proceedings against the Gannett Defendants

Reed filed his defamation lawsuit in the Middle District of Florida on September 28, 2022. [Doc. 1]. After the court *sua sponte* dismissed the complaint, Reed filed the operative Amended Complaint on December 16, 2022. [Doc. 28].

Reed based his claims against the Gannett Defendants on statements made in two columns published in *Golfweek* magazine (collectively, the "Columns") – columns that *never once mention Reed*. Rather, they address the then-ongoing battle between two golf empires, the U.S.-based PGA Tour and its competitor, LIV Golf ("LIV"), and the widespread public criticism of LIV for its financial ties to Saudi Arabia.

---

[2] All documents relied upon herein are contained in Reed's appendix. However, because the appendix is not bookmarked, the Golf Channel Defendants will file a supplemental appendix with certain key documents ("Supplemental Appendix"). (*See* Br. of Golf Channel Defs. at 3, n.1). All citations herein designated as "[Doc. _]" refer to documents in the Supplemental Appendix.

Specifically, the first allegedly defamatory column, entitled "*PGA Tour's war with LIV Golf enters 'Return of the Jedi' phase*" (the "First Column"), was published on August 24, 2022. [Doc. 28, p. 28]; *see also* Br. of Appellant Patrick N. Reed ("Init. Br.") at 9[3]. This column, however, never even mentions or references Reed. The following are quotes from the First Column (with the portions in bold representing the allegedly defamatory statements, as set forth in Reed's Amended Complaint):

(1) As [PGA] Tour commissioner Jay Monahan fought to ring-fence and then rally his troops in an effort to destroy the **evil empire's** (or kingdom's) **Death Star**, the price of player loyalty grew exponentially.

(2) Some **opted to cut and run for Saudi money**, others to stay and fight—as much against the structure and complacency of their own Tour as against LIV.

(3) In the case of Cameron Smith, much depends on whether the choice has already been made. Rumors suggest the world No. 2 will soon decamp to LIV. Today's announcement makes his reported price—$100 million—seem a poor return given what a player of his caliber could earn on the PGA Tour in the coming years, and without the **reputational harm that comes with taking guaranteed cash to sportswash Saudi atrocities**.

[Doc. 28, p. 28; Doc. 38-1].[4]

---

[3] Remarkably, Reed cites primarily to the allegations in his initial Complaint [Doc. 1] rather than to the Amended Complaint that was dismissed and that is the subject of this appeal [Doc. 28].

[4] While the words in bold represent the allegedly defamatory statements within the First Column, as identified in the Amended Complaint, the quoted phrases are

In his brief, Reed mentions the First Column briefly in his Statement of the Case. No legal arguments are presented, however.

The second allegedly defamatory publication, entitled "*LIV Golf's problems aren't limited to Greg Norman's Incompetence. Replacing him won't solve them.*" (the "Second Column") – which is not even mentioned in passing in Reed's Initial Brief – was published on November 10, 2022. [Doc 28, p. 28; Doc. 38-2]. This column similarly criticizes LIV's ties to the Saudi regime, while examining the possible effects of the ouster of LIV's CEO, Greg Norman.[5]

Reed specifically claims that the words in bold defame him:

(1) "Team golf is a tough sell, but moreso [sic] when the product is lousy and **the association with a merciless regime too toxic for commercial sponsors**", and (2) "Whatever divisions need to be bridged in golf, whatever personal relationships must be healed, **doing so cannot involve offering the sport wholesale as a life raft for sportswashing ambitions in Riyadh. No amount of investment by the Saudi Arabian regime can be rendered respectable or accepted without dire reputational consequences for the entire sport. Golf cannot choose to host a cancer and expect to remain healthy.**"

[Doc. 28, pp. 28-29; emphasis in original]. Yet again, Reed is never mentioned or even referenced in the Second Column.

---

reproduced here within the broader context of the original publication, which is fully incorporated by reference into Reed's pleading. [*See* Doc. 28, p. 28, n.11].

[5] The Second Column is similarly incorporated into the Amended Complaint by reference. [*See* Doc. 28, p. 28, n.12].

The Amended Complaint lodged eight counts against the Gannett Defendants, including twin counts for defamation, defamation by implication, defamation per se, and for tortious interference also premised on the Columns (against *Golfweek* and Gannett, respectively). [*Id.* at pp. 72-82, 88-90]. On January 13, 2023, the Gannett Defendants moved to dismiss the Amended Complaint on multiple bases: (i) the allegedly defamatory publications are not "of and concerning" Reed; (ii) the subject comments constitute protected and non-actionable rhetorical hyperbole and figurative speech or are otherwise true; (iii) Reed fails to plausibly allege actual malice; and (iv) the single cause of action rule bars the tortious interference claims. [Doc. 38; Doc. 38-1; Doc. 38-2].

The district court granted the Gannett Defendants' motion to dismiss, acknowledging that:

> the following statements refer to LIV or LIV players, but never identify Reed or refer to him individually without naming him:
> . . .
> - LIV being the "<u>evil empire's . . . Death Star</u>," and players "<u>opt[ing] to cut and run for Saudi money</u>," and publishing that LIV golfers had endured "<u>reputational harm that comes with taking guaranteed cash to sportswash Saudi atrocities</u>."
>
> - "Team golf is a tough sell, but moreso when the product is lousy and <u>the association with a merciless regime too toxic for commercial sponsors</u>," and "Whatever divisions need to be bridged in golf, whatever personal relationships must be healed, <u>doing so cannot involve offering the sport wholesale as a life raft for sportswashing ambitions in Riyadh. No amount of investment by the Saudi Arabian regime can be rendered respectable or accepted without dire reputational consequences for the entire</u>

> sport. <u>Golf cannot choose to host a cancer and expect to remain healthy</u>."

[Doc. 91, pp. 33-34; citations omitted; emphasis in original]. In other words, because all the allegedly defamatory comments from the Columns never mention Reed, and "Reed unsuccessfully alleges a group libel theory," [*id.* at p. 37], none of the statements are "of and concerning" Reed and are therefore non-actionable. [*Id.* at pp. 30-37].

The tortious interference claims, the court found, violated Florida's single cause of action rule. [*Id.* at pp. 70-71].

**B.     Statement of Reed's Claims and Proceedings against The New Yorker**

Two months after Reed first filed a defamation lawsuit based on coverage of his involvement with LIV [*see* Doc. 1], *The New Yorker* published an article by Zach Helfand under the headline, "Will the Saudis and Donald Trump Save Golf— Or Wreck It?" [*See* Doc. 28, pp. 31-32; Doc. 62-1, p. 1; Doc. 62-2].

The deeply-reported Article details the formation of LIV, its funding by Saudi Arabia's PIF, and the debate within the PGA and among professional golfers about how to respond and whether to join LIV. It includes statements from numerous golf insiders including Rory McIlroy, Phil Mickelson, and NBC-turned-LIV analyst David Feherty, and it provides history and context regarding the Saudis' foray into golf under the leadership of Yasir Al-Rumayyan, including

about how the first golf courses in Saudi Arabia were "sand courses" where the "greens were slicked with oil." [*Id.* at pp. 7-9, 21-22]. The Article also includes, in roughly the middle, three sentences about Reed:

> The golfer Patrick Reed, who has never been popular—his fellow Georgia alum Kevin Kisner once told *Golf Digest*, of Reed's college teammates, "I don't know that they'd piss on him if he was on fire"—joined too. He subsequently sued several reporters for defamation. (One commentator mused, "LIV needs a public investment fund to sportwash its association with Patrick Reed.")

*Id*. at 15.

Reed pleaded four causes of action against *The New Yorker* on the basis of the single sentence: "One commentator mused, 'LIV needs a public investment fund to sportwash its association with Patrick Reed.'" [Doc. 28, p. 32; Doc 62-2, p. 15]. *The New Yorker* moved to dismiss on multiple bases: (i) the district court lacked personal jurisdiction due to procedural defects and because Reed had failed to serve the proper entity; (ii) the challenged statement was a non-actionable statement of opinion and hyperbole; (iii) Reed had not pled facts demonstrating *The New Yorker* published the statement in question with actual malice; and (iv) that Reed's ancillary claim for tortious interference was barred by Florida's single-action rule. [Doc. 62; Doc. 62-1; Doc 62-2]. The district court dismissed Reed's claims against *The New Yorker* on the basis that it lacked personal jurisdiction, and further noted that the statement on which Reed had based his claims against *The*

*New Yorker* "reflects a negative opinion of Reed," and "pure opinions cannot

provide the basis for a defamation claim." [Doc. 91, p. 10, n.5].

## STANDARD OF REVIEW

Pursuant to Fed. R. App. P. 28(i), the Co-Defendants adopt by reference the

standard of review articulated by the Golf Channel Defendants. Br. of Golf

Channel Defs. at 11-12.

## SUMMARY OF THE ARGUMENT

The Co-Defendants adopt by reference the arguments made by the Golf

Channel Defendants and the judgment in favor of all defendants should be

affirmed on those bases alone. Br. of Golf Channel Defs.at 13-42. The Co-

Defendants write separately, however, to emphasize that, even were the Court to

find that the district court erred in dismissing Reed's claims with respect to the

Golf Channel Defendants, this Court should still affirm the district court's

dismissal of the Complaint as to the Co-Defendants because Reed waived any

argument regarding the district court's reasons for dismissal as to the Co-

Defendants by failing to include any such argument in his opening brief.

# **ARGUMENT**

## I. JUDGMENT IN FAVOR OF THE CO-DEFENDANTS SHOULD BE AFFIRMED FOR THE SAME SUBSTANTIVE REASONS AS THOSE ARTICULATED BY THE GOLF CHANNEL DEFENDANTS

Pursuant to Fed. R. App. P. 28(i), Co-Defendants respectfully adopt by reference the arguments articulated by the Golf Channel Defendants, including: (1) Reed failed to plausibly plead actual malice; (2) the challenged statements are opinion, hyperbole and/or not "of and concerning" Reed; (3) Reed's tortious interference claims fall under the single-action doctrine: and (4) Reed waived all further issues, including regarding leave to file an amended complaint. Br. of Golf Channel Defs.at 15-41.

## II. IN THE ALTERNATIVE, JUDGMENT IN FAVOR OF THE CO-DEFENDANTS SHOULD BE AFFIRMED BECAUSE REED MAKES NO SPECIFIC ARGUMENTS FOR ADJUDICATION ON APPEAL

In his 43-page brief, Reed references the Co-Defendants only in passing in his Statement of the Case – noting that he sued the Gannett Defendants on Sept. 28, 2022, Init. Br. at 3; that the Gannett Defendants filed a Motion to Dismiss which he opposed, *id*. at 12; and that *The New Yorker* filed a Motion to Dismiss, which he opposed, *id*. at 13. Reed does not otherwise address the Co-Defendants *at all* in his brief, focusing instead entirely on the Golf Channel Defendants.

As this Court repeatedly has made clear, "[a]ppellants are required to identify any issues specifically and clearly that they want us to address in their initial briefs," *McSmith v. Unite Here Local 23*, 2022 U.S. App. LEXIS 14596, at *2 (11th Cir. May 27, 2022), and "[m]ere mention in brief on appeal that district court was in error, absent any specific argument as to how the court was in error, [is] insufficient to present the matter for adjudication on appeal," *Greenbriar, Ltd. v. Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (cleaned up); *accord Smith v. Crisp Regional Hosp.*, 985 F.3d 1306, 1309 (11th Cir. 2021). While Reed mentioned in his "Statement of the Case" that the Co-Defendants are parties, that is insufficient to present an argument to this Court for its consideration, and Reed thus has waived any argument with respect to the Co-Defendants. *See McLaughlin v. FIU Board of Trustees.*, 2022 U.S. App. LEXIS 10988, at *10 (11th Cir. Apr. 22, 2022); *see also Horace v. MD Now Medical Centers, Inc.*, 2024 U.S. App. LEXIS 6013, at *6-7 (11th Cir. Mar. 13, 2024) (noting that appellant had "abandoned his argument" where he "ma[de] only passing reference to this argument in his initial brief"); *Shell v. AT&T Corp.*, 2021 U.S. App. LEXIS 26544, at *18 n.6 (11th Cir. Sept. 2, 2021) ("[appellant] fails to plainly and prominently raise these issues in the argument section of his brief and therefore we find that these issues are waived") (cleaned up); *MS Life Insurance Co. v. Barfield*, 203 F. App'x 306, 307 (11th Cir. 2006) (noting the "long-standing rule in this circuit that

issues not raised in a party's initial brief on appeal are deemed waived," (*citing U.S. v. Curtis,* 380 F.3d 1308, 1310 (11th Cir. 2004) (observing that under Fed. R. App. P. 28(a)(5) "parties must submit *all* issues on appeal in their initial briefs))).

Specifically, Reed does not argue – even in passing – that the district court erred by holding that (i) statements published by the Gannett Defendants were not of-and-concerning Reed [Doc. 91, p. 35]; (ii) the statement published by *The New Yorker* was pure opinion [*id.* at p. 10, n.5]; or (iii) the district court lacked personal jurisdiction over *The New Yorker* because Reed sued the wrong corporate entity [*id.*]. *See, generally* Init. Br. at 18-43.

Reed thus has waived any challenge on appeal to these rulings and, on these independent grounds, the district court's dismissal of Reeds' claims against the Gannett Defendants and *The New Yorker* should be affirmed.

## CONCLUSION

For the foregoing reasons, Co-Defendants respectfully request that this Court affirm the district court's decision in its entirety and remand to the district court for proceedings to determine the amount of attorneys' fees and costs to which Co-Defendants are entitled, including those incurred in defense of Reed's appeal.

Dated: May 6, 2024

Respectfully submitted,

THOMAS & LoCICERO PL

*/s/ Carol Jean LoCicero*
Carol Jean LoCicero (FBN 603030)
clocicero@tlolawfirm.com
Linda R. Norbut (FBN 1011401)
lnorbut@tlolawfirm.com
601 South Boulevard
Tampa, FL 33606
Telephone: (813) 984-3060

*Attorneys for the Gannett Defendants*

and

BALLARD SPAHR

*/s/ Jay Ward Brown*
Charles D. Tobin (FBN 816345)
tobinc@ballardspahr.com
Jay Ward Brown (*pro hac vice*
brownjay@ballardspahr.com
Emmy Parsons (*pro hac vice*)
parsonse@ballardspahr.com
1909 K Street NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200

*Attorneys for The New Yorker*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I hereby certify that the foregoing brief complies with the typeface and type style rules set forth in Fed. R. App. P. 32(a)(5)(A) and 32(a)(6), and with the type-volume limitation contained in Federal Rule of Appellate Procedure 32(a)(7)(B)(i), because the brief is in a proportionally-spaced Times New Roman 14-point font and contains approximately 2,429 words (exclusive of the portions of the brief that do not count toward the word count as specified in Fed. R. App. P. 32(f)).

*/s/ Carol Jean LoCicero*
Carol Jean LoCicero


## CERTIFICATE OF SERVICE

I certify that on May 6, 2024, I electronically filed this document with the Clerk of Court using the Court's CM/ECF system, which will send a notice of docketing activity to all parties who are registered through CM/ECF.

*/s/ Carol Jean LoCicero*
Carol Jean LoCicero